UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA D. PRICE,

    Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

    Defendant.

CASE NO. C10-5315BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 19), and Plaintiff Linda Price's ("Price") objections to the R&R (Dkt. 20). The Court has reviewed the R&R, Price's objections, and the remainder of the file and hereby adopts the R&R for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 22, 1996, Price was found to be disabled by Defendant as of November 4, 1992. *See* Dkt. 8, Transcript of Administrative Record ("Tr.") 17. She was found to continue to be disabled on July 10, 2000. *See id.* On March 6, 2006, however, Price was determined to be no longer disabled as of May 1, 2006. *See* Tr. 17, 27. This determination was upheld on reconsideration on March 1, 2007. *See* Tr. 17, 26. A

ORDER - 1

hearing was held before an administrative law judge ("ALJ") on July 20, 2009, at which Price, represented by counsel, appeared and testified via telephone. *See* Tr. 491-529. A vocational expert also appeared at the hearing, but did not testify. *See id.*

On September 21, 2009, the ALJ issued a decision in which Price was determined to no longer be disabled as of May 1, 2006. *See* Tr. 17-24. Price's request for review of the ALJ's decision was denied by the Appeals Council on March 8, 2010, making the ALJ's decision Defendant's final decision. *See* Tr. 4; *see also* 20 C.F.R. § 404.981. On May 3, 2010, Price filed a complaint in this Court seeking judicial review of Defendant's decision. Dkt. 1.

In her opening brief, Price argued that the ALJ's decision should be reversed and remanded to Defendant for a reinstatement of benefits because the ALJ erred in finding that Price experienced medical improvement and had no severe impairment as of May 1, 2006. *See* Dkt. 13.

On April 1, 2011, Judge Strombom issued the R&R finding that (1) the lack of medical evidence in the record relating to the July 2000 disability review was clearly the fault of Price, not the ALJ; (2) there was substantial evidence in the record to support the ALJ's decision that Price no longer continued to be disabled as of May 1, 2006; and (3) the ALJ did not err in finding that Price had no severe impairments or combination thereof. Dkt. 19 at 14-16.

On April 13, 2011, Price filed objections to the R&R. Dkt. 20. On May 5, 2011, Defendant responded and sought to clarify several issues in the R&R. Dkt. 24.

## II. DISCUSSION

If a party files objections to an R&R, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(c). "The district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

In this case, Price objects to the R&R in its entirety (Dkt. 20 at 1), objects to the finding that failure to produce evidence was Price's fault (*id*. at 2-3), and objects to the finding upholding the ALJ's finding that Price had no severe impairment (*id*. at 3-4). With regard to the Price's first objection, the Court finds that it is an inappropriate general objection that fails to specify any particular error in the R&R. Therefore, the objection is without merit.

## A. Failure to Produce Evidence

"In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2000). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Id*. at 459-60.

On July 10, 2000, Price was found to continue to be disabled. Tr. 17. On June 28, 2000, Dr. Kent Reade, Ph.D., conducted a psychological examination of Price. Tr. 286-288. The parties agree that the ALJ did not possess this document when the ALJ rendered her decision on September 21, 2009. Judge Strombom found that the lack of medical evidence in the record was the fault of Price and not the ALJ. R&R at 19. Price objects and argues that "the absence of the earlier medical evidence results in a lack of foundation for the determination of medical improvement in [Price's] condition." Dkt. 20 at 3.

Price, however, has failed to show that the ALJ did not fully and fairly develop the record, that the record contained ambiguous evidence, or that the record was inadequate to allow for proper evaluation. In fact, Judge Strombom found that there was substantial

ORDER - 3

evidence in the record to support the decision that Price no longer continued to be disabled as of May 1, 2006. Moreover, the substantial evidence overcame a presumption of disability in favor of Price. Therefore, the Court rejects Price's contention that the record lacked foundation.

**B.     No Severe Impairment**

Price contends that the evidence supported a finding of severe impairment. Dkt. 20 at 3-4. As in her previous briefs, Price is substituting her opinion for that of the ALJ. Therefore, the Court finds the objection without merit and adopts Judge Strombom's finding that the ALJ did not err in finding Price had no severe impairments or combinations thereof.

**C.     Defendant's Clarifications**

Defendant agrees with the recommendation to affirm the ALJ, but seeks clarification on certain issues. First, that the record should reflect that the ALJ implemented the seven-step sequential evaluation at 20 C.F.R. § 416.994(b)(5) in assessing whether Price was entitled to Supplemental Security Income payments under 42 U.S.C. § 1614(a)(3). Second, Defendant asserts that, although prevailing Ninth Circuit law entitles Price to a presumption of continuing disability, amendments to the Social Security Act provide that a continuing disability determination should be made neutrally. Dkt. 24 at 2-4. The Court finds it unnecessary to address this clarification in this case because the Court finds that there was substantial evidence in the record to overcome the presumption of continuing disability, a more favorable standard for Price.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

(1)     The R&R is **ADOPTED**;

(2)     Defendant's decision that Price no longer continued to be disabled as of May 1, 2006 is **AFFIRMED**; and

(3) This action is **DISMISSED**.

DATED this 16th day of June, 2011.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge

ORDER - 5